IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Roslyn Langley, Robert R-Kell Pressley, and Raeshawn Tyrek Langley, individually and as Personal Representatives of the Estate of Robert Langley,<br><br>    Plaintiff,<br>        v.<br><br>Officer Cassandra A. Dollard, Town of Hemingway, South Carolina Criminal Justice Academy, and Williamsburg, County,<br><br>    Defendant. | Case No. 2:22-cv-1275-RMG<br><br>**ORDER AND OPINION** |

This matter is before the court on Plaintiffs' motion for appointment of guardian ad litem. (Dkt. No. 66). For the reasons set forth below, the Court **GRANTS** the motion.

**I.      Background**

In this case, four minor children, and the parents of those children sued Defendants under 42 U.S.C. § 1983 for violation of their Fourth and Fourteenth Amendment rights and other state laws. (Dkt. No. 1). Plaintiffs allege that Defendant Officer Cassandra Dollard engaged Robert Langley in a vehicular pursuit resulting in Langley crashing into a ditch, and subsequently shot and killed Langley as he exited the vehicle. (Dkt. No. 1, ¶ 13).

Robert Langley has multiple heirs including four minor children: Z.L., J.L.L. J.L, and P.L. (Dkt. No. 66, ¶ 1). Juliette Pressley is the mother of the minor children Z.L., J.L.L. and J.L, and Nedrah Eaddy is the mother of the minor child, P.L. (Dkt. No. 66, ¶ 3). Before this court is Plaintiffs' motion to appoint Juliette Pressley as guardian ad litem for Z.L., J.L.L. and J.L, and Nedrah Eaddy as guardian ad litem for P.L. (Dkt. No. 66). Both Pressley and Eaddy have signed petitions in support of the motion. (Dkt. Nos. 66-1, 66-2, 66-3, 66-4).

1

## II.     Legal Standard

"A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed.R.Civ.P. 17(c)(2). S.C.R.P. 17(c) states, "[i]f a minor or incompetent person does not have a duly appointed representative he may sue by his next friend or by guardian ad litem." The terms "next friend" and "guardian ad litem" are "essentially interchangeable, but 'next friend' is normally used when the child is the plaintiff, and 'guardian ad litem' when the child is the defendant. *T.W. by Enk v. Brophy*, 124 F.3d 893, 895 (7th Cir. 1997).

The Fourth Circuit has stated that the appointment of a guardian ad litem is discretionary with the court, *see Fonner v. Fairfax*, 415 F.3d 325, 330 (4th Cir.2005), and that "no special appointment process for the next friend is required." *Genesco, Inc. v. Cone Mills Corp.*, 604 F.2d 281, 285 (4th Cir. 1979). "A next friend need not have any particular formal legal status; it is sufficient that the individual possess 'an interest in the welfare' of the person to whom they relate and whose rights are being pursued in the cause of action." *Roth v. Islamic Republic of Iran*, 78 F. Supp. 3d 379, 398 (D.D.C. 2015) (quoting *In re Air Crash Disaster Near Saigon, South Vietnam on April 4, 1975*, 476 F. Supp. 521, 525 (D.D.C. 1979)). Courts invoking the next friend doctrine generally ensure that three prerequisites are satisfied: the next friend must (1) provide an adequate explanation as to why the real party in interest cannot bring the suit himself, (2) be dedicated to represented party's best interests, and (3) have some significant relationship with the represented party. *T.W. v. Brophy*, 954 F. Supp. 1306, 1309 (E.D. Wis. 1996), aff'd as modified sub nom. *T.W. by Enk v. Brophy*, 124 F.3d 893 (7th Cir. 1997) (citing *Whitmore v. Arkansas*, 495 U.S. 149, 163–64 (1990)).

### III. Discussion

Here, Plaintiff Juliette Pressley has shown that Z.L, J.L.L. and J.L. are minors and therefore not able to bring the suit themselves. (Dkt. Nos. 66-1, ¶ 3, 66-2, ¶ 3, 66-3, ¶ 3). Plaintiff Pressley has also shown that she is dedicated to represent the party's best interest and that she has a significant relationship with the minors. Plaintiff Pressley is the mother and legal guardian of Z.L, J.L.L. and J.L, and has signed petitions stating that "Juliette Pressley is the proper person to so serve." (Dkt. Nos. 66-1, ¶ 3, 66-2, ¶ 3, 66-3, ¶ 3).

Likewise, Plaintiff Nedrah Eaddy has shown that P.L. is a minor and therefore not able to bring the suit herself. (Dkt. Nos. 66-4, ¶ 3). Plaintiff Eaddy has also shown that she is dedicated to represent the party's best interest and that she has a significant relationship with the minors. Plaintiff Eaddy is the mother and legal guardian of P.L. and has signed a petition stating that "Nedrah Eaddy is the proper person to so serve." (Dkt. No. 66-4, ¶ 3).

Plaintiffs Juliette Pressley and Nedrah Eaddy have satisfied the three prerequisites for appointment as guardians ad litem.

### IV. Conclusion

On review of the complaint and the petitions of Juliette Pressley and Nedrah Eaddy, the court **GRANTS** Plaintiffs' motion. (Dkt. No. 66). The court hereby appoints Juliette Pressley as the guardian ad litem for Z.L., J.L.L. and J.L, and Nedrah Eaddy as guardian ad litem for P.L.

**AND IT IS SO ORDERED.**

                                                   s/ Richard M. Gergel
                                                   Richard Mark Gergel
                                                   United States District Judge

October 31, 2024
Charleston, South Carolina