# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| Roslyn Langley, Robert R-Kell Pressley, and Raeshawn Tyrek Langley, individually and as Personal Representatives of the Estate of Robert Langley,<br><br>　　　　Plaintiff,<br>　v.<br><br>Officer Cassandra A. Dollard, Town of Hemingway, South Carolina Criminal Justice Academy, and Williamsburg, County,<br><br>　　　　Defendant. | Case No. 2:22-cv-1275-RMG<br><br>**ORDER AND OPINION** |

This matter comes before the Court on Plaintiffs' petition for approval of wrongful death and survival settlements. (Dkt. No. 68). As described in the petition, this case arises from an officer involved shooting resulting in Plaintiff bringing a wrongful death action under S.C. Code Section 15-51-10, et. seq. (1976) and a survival action under the Survival Statute, S.C. Code Section 15-5-90 (1976). (Dkt. No. 1).

The Court conducted a hearing in person on November 13, 2024, which was attended by all parties and during which the proposed terms of the settlement were discussed. These proposed terms include:

1. A gross settlement figure of $1,000,000

2. Attorney's fees of $400,000 with 45% payable to Strom Law Firm LLC; 45% payable to Gerald Malloy; and 10% payable to Indigo Family Law.

3. Litigation costs of $26,670.51 with $24,692.26 payable to Strom Law Firm and $1,978.25 payable to Indigo Family Law.

1

4. Payment of $56,332.94 to Robert Pressley for the wrongful death claim plus $1,000 for the survival claim.

5. Payment of $56,332.94 to Raeshawn Langley for the wrongful death claim plus $1,000 for the survival claim.

6. Payment of $56,332.94 to Nyasia Langley for the wrongful death claim plus $1,000 for the survival claim.

7. Payment of $56,332.94 to Quanesha Langley for the wrongful death claim plus $1,000 for the survival claim.

8. Payment of $56,332.94 to DaShaun Langley for the wrongful death claim plus $1,000 for the survival claim.

9. Payment of $56,332.94 to JuLasia Langley for the wrongful death claim plus $1,000 for the survival claim.

10. An annuity of $52,332.95 to J.L and a payment of $4,000 to Juliette Pressley, as guardian ad litem, on behalf of J.L. for the wrongful death claim plus $1,000 to Juliette Pressley on behalf of J.L. for the survival claim. The payment schedule for J.L's annuity is as follows: $20,908.18 payable annually, guaranteed for 4 years which is 4 payments, beginning on 04/15/2033 with the final guaranteed payment on 04/15/2036.

11. An annuity of $52,332.95 to J.J.L and a payment of $4,000 to Juliette Pressley on behalf of J.J.L. for the wrongful death claim plus $1,000 to Juliette Pressley, as guardian ad litem, on behalf of J.J.L. for the survival claim. The payment schedule for J.J.L's annuity is as follows: $14,451.33, payable annually, guaranteed for 4

years which is 4 payments, beginning on 03/13/2026 with the final guaranteed payment on 03/13/2029.

12. An annuity of $52,332.95 to Z.L and a payment of $4,000 to Juliette Pressley on behalf of Z.L. for the wrongful death claim plus $1,000 to Juliette Pressley, as guardian ad litem, on behalf of Z.L. for the survival claim. The payment schedule for Z.L's annuity is as follows: $15,786.91 payable annually, guaranteed for 4 years which is 4 payments, beginning on 11/05/2027 with the final guaranteed payment on 11/05/2030.

13. An annuity of $42,332.95 to P.L and a payment of $14,000 to Nedrah Eaddy on behalf of P.L. for the wrongful death claim plus $1,000 to Nedrah Eaddy, as guardian ad litem, on behalf of P.L. for the survival claim. The payment schedule for P.L's annuity is as follows: $27,394.98 payable monthly, guaranteed for 2 months which is 2 payments, beginning on 03/21/2030 with the final payment on 04/21/2030.

Pursuant to S.C. Code § 62-5-103, Mr. Langley's minor children ("Payees") will receive their funds in the form of a check to Forge Consulting. J.L., J.J.L., and Z.L. are to receive $5,000.00 cash up front and P.L. is to receive $15,000.00 cash up front.

The Payees' periodic payments will be guaranteed whether or not the Payees survive the payment schedule. Defendants will assign their obligation to make periodic payments to Pacific Life & Annuity Services, Inc. ("Assignee"). Assignee will fund the liability to make the periodic payments through the purchase of an annuity contract issued by Pacific Life ("Annuity Issuer"). Defendants' insurer, South Carolina Municipal Risk Financing Fund, will issue checks in the premium amounts payable to Pacific Life, to fund the purchase of the periodic payments and will

3

execute the Settlement Agreement, Release, and Qualified Assignment documents as required. Any guaranteed payments to be made after the death of Payees shall be made to the Estate of the deceased Payee.

During the hearing, the Court confirmed that all parties were properly represented and before the Court, that no question existed as to misjoinder or nonjoinder of parties, and that subject matter jurisdiction was proper—claims arising under federal law.

Considering the above, the Court finds that the Plaintiffs' petition for approval of settlement (Dkt. No. 68) satisfies the requirements of LCR 17.02 and that the proposed settlement is fair and reasonable under the circumstances and is in the best interests of the Robert Langley Estate. Consequently, the Court hereby **APPROVES** the proposed settlement, as set forth in the petition and in this order. The Court **AUTHORIZES** Plaintiffs to execute appropriate settlement documents. Plaintiffs' claims are **DISMISSED WITH PREJUDICE**.

**AND IT IS SO ORDERED.**

s/ Richard M. Gergel  
Richard Mark Gergel  
United States District Judge

November 13, 2024  
Charleston, South Carolina